Matter of the Petition of EUGENE H. HODGSON, to Render and Settle his Account as Administrator with the Will Annexed of all and Singular the Goods, Chattels and Credits which were of JOHN H. HODGSON, Deceased.

(Surrogate's Court, Kings County, December, 1918.)

Wills — construction of — direction as to equal division of one-half of estate among children — Decedent Estate Law, § 29.

Where testator directs an equal division of one-half of his estate among his four children the share of one who died before testator leaving two infant children now living is not cut down or affected by a provision that in case of the death of any of testator's heirs the children of such heirs should receive one-third of such sum as would have been paid to the deceased heir if living. Under section 29 of the Decedent Estate Law the gift is to the children of the deceased heir.

PROCEEDING upon the accounting of an administrator with the will annexed.

Baldwin, Fisher & Potter, for administrator.

Frank Harvey Field, for legatee Baptist Church Extension Society of Brooklyn and Queens.

William J. Mahon, special guardian for Joseph H. and Sally Hodgson, infants.

Ketcham, S.   The will under which distribution is to be made provides as follows:

"*First,* after my lawful debts are paid, I give unto my Beloved Wife Seriette C., and Children Walter C., Joseph E., Eugene E., and Esther Hodgson, all my real and personal estate wheresoever situate.   To be divided as follows:  To my Beloved Wife One-half of my entire estate.   The remaining half to be equally divided among my Children as above named, share and share alike  *  *  *

"In case of decease of any of my heirs — The survivors of such heirs, or rather their children, shall receive one-third of such sum that might be due such of my Children. If no such surviving Children then such amount as would have gone to my Child, shall be divided share & share alike among my surviving Wife or Children,— and any sum or sums that would be given to any of my heirs, Wife and own children in case of their decease such sum as would go to them, if they had lived, shall be divided share & share alike among my surviving wife or Children, named on the preceding page (1st) Sarietta C., Walter C., Jos. E., Eugene H. & Esther."

When this will was made there were living the wife and the four children mentioned in the paragraph first, *supra.*   Joseph E., one of such children, died before the testator's death, leaving two children, who still survive in infancy.

The paragraph first contains an express legacy to Joseph E. of one-eighth of the estate, which, unless later qualified by the language of the will, vested in his children upon the death of the testator under section 29 of the Decedent Estate Law.   That section, in its applicable parts, is as follows:  " Whenever any estate, real or personal, shall be  *  *  *  bequeathed

Surrogate's Court, Kings County, December, 1918.    [Vol 105.

to a child * * * of the testator * * * and such legatee * * * shall die during the lifetime of the testator, leaving a child * * * who shall survive such testator, such * * * legacy shall not lapse, but the property so * * * bequeathed shall vest in the surviving child * * * of the legatee * * * as if such legatee * * * had survived the testator and had died intestate.''

The will is to be read as if it contained the words of the statute in their application to the persons and circumstances involved. The gift is, therefore, to the two children of Joseph E. deceased.

The paragraph of the will, *supra,* beginning with the words '' in case of the death of any of my heirs '' does not express or intimate any contradiction or qualification of this unquestionable gift to the two children. Its language is grossly inartificial, and it is conceivable that its construction may possibly disappoint some latent purpose of the testator, but it is the duty of a court of construction to find the intention of the testator as he has expressed it.

Strangely, the will provides that in case of the decease of any of his heirs, the children of such heirs shall receive one-third of such sum as would have been paid to the deceased heir if living, and the mind is arrested by the question: Why should he have contemplated a gift over of only '' one-third of the share which the deceased child would have taken if he had survived? '' But whether this was intentional or erroneous can make no difference.

The direction that one-third of the gift should pass to the two children in whom is vested the whole gift is not to be regarded as cutting down or in any wise affecting the whole gift. Only in case the provision was that the children should receive not more than one-

third of the shares assigned to the parent would it be possible to say that the vested gift was impaired.

The remaining provision is wholly dependent upon the phrase with which it is introduced, *viz.:* " if no such surviving children," *i. e.,* " if upon the decease of one of my children, he shall leave no surviving children.''

Hence, the direction which, in subordination to the introductory words so paraphrased, provides for a division of the share of a deceased child among the wife and the surviving children, does not come into play in the present problem. The only contingency upon which such direction could become effectual has not come to pass. Joseph E. did not die leaving no surviving children.

It follows that the one-eighth of the fund now accounted for is payable to the two children of Joseph E., deceased.

Decreed accordingly.